**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 23-2064**

JACK H. GRAHAM, III, d/b/a Kathye's Jewelry and Pawn Shop,

Petitioner - Appellant,

v.

STEVE ALBRO, Director of Industry Operations Bureau of Alcohol, Tobacco, Firearms and Explosives,

Respondent - Appellee.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:22-cv-00708-WO-LPA)

Submitted:  July 10, 2025                    Decided:  September 16, 2025

Before NIEMEYER, KING, and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  James B. Wilson, Jr., JAMES BARRETT WILSON & ASSOCIATES, Winston Salem, North Carolina, for Appellant.  Sandra J. Hairston, United States Attorney, Lynne P. Klauer, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jack H. Graham, III, doing business as Kathye's Jewelry and Pawn Shop, appeals the district court's order accepting the recommendation of the magistrate judge, awarding summary judgment to the respondent, and dismissing Graham's petition for review of the decision of the Bureau of Alcohol, Tobacco, Firearms and Explosives to revoke his federal firearms license. We have reviewed the record and discern no reversible error.[*] *See Am. Arms Int'l v. Herbert*, 563 F.3d 78, 82 (4th Cir. 2009) (describing federal firearms license revocation process and standard of review for district court's order sustaining revocation decision). Accordingly, we affirm the district court's order. *Graham v. Albro*, No. 1:22-cv-00708-WO-LPA (M.D.N.C. Sept. 8, 2023). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] Graham has filed a Fed. R. App. P. 28(j) letter asking whether a different result is required here based on *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369, 413 (2024) (overruling *Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837 (1984), and holding that a court "may not defer to an agency interpretation of the law simply because a statute is ambiguous"). We are satisfied that it is not. The district court did not afford *Chevron* deference to the license revocation decision. Rather, the district court reviewed de novo that decision, as federal law requires, and concluded that Graham contravened many unambiguous federal firearms laws. *See* 18 U.S.C. § 923(f)(3).